Filed 6/17/26  P. v. Hernandez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065638 |
| v. | (Super. Ct. No. 02CF2160) |
| ABRAHAM ALBERT HERNANDEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kathleen E. Roberts, Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant Abraham Albert Hernandez appeals an order denying his petition for resentencing under Penal Code section 1172.6.[1] His appointed attorney filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring he was unable to find any issues to raise on Hernandez's behalf. Having reviewed the record ourselves, we also detect no arguable issues. We thus affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

One evening in 2002, Andres Cisneros was fatally shot near his Santa Ana home, and a short time later about two miles away, Cesar Tejeda was fatally shot near a 7-Eleven store. Following a jury trial, Hernandez was convicted of murdering both victims. (§ 187, subd. (a).) The jury found Hernandez personally used a firearm in committing the murders. (§ 12022.53, subd. (d).) It also found true special circumstances allegations that Hernandez committed multiple murders and that he acted for the benefit of a criminal street gang. (§ 190.2, subds. (a)(3) & (a)(22).) The trial court sentenced Hernandez to life in prison without parole, plus an indeterminate term of 90 years to life. Another panel of this court affirmed the judgment on direct appeal in *People v. Hernandez* (Nov. 21, 2008, G039260 [nonpub. opn.]), and we incorporate that opinion by reference here for background purposes only.

In 2022, Hernandez filed a petition for resentencing pursuant to section 1172.6. Regarding the murder of Tejeda, the trial court ruled Hernandez failed to make a prima facie showing for relief because the record of conviction conclusively established he personally killed Tejeda with the

---

[1] All statutory references are to the Penal Code.

intent to kill. The court therefore denied Hernandez's request for resentencing with respect to Tejeda's murder.

As for the murder of Cisneros, the trial court conducted an evidentiary hearing pursuant to section 1172.6, subdivision (d). At the hearing, the defense called R.R. to testify about statements he made to a detective who was investigating the murders of Cisneros and Tejeda. R.R. testified Hernandez's fellow gang member Felix Robles told him that he (Robles) shot a man at a 7-Eleven with a Colt .45 pistol around the time of the murders.

The defense also called Hernandez during the hearing. He testified he was at Robles's house on the night of the murders. Hernandez also admitted he fatally shot Tejeda with a .38 caliber handgun, which is the same type of gun that was used to kill Cisneros. Hernandez, however, claimed he knew nothing about the Cisneros shooting.

At the hearing, the parties stipulated that witnesses to the Cisneros murder saw the shooter flee in a Nissan Sentra and that when shown photos of the Honda Accord that Hernandez was arrested in, they said that car was not the getaway car. The parties also stipulated the police mistakenly believed Hernandez's girlfriend drove a Nissan Sentra, when in fact she drove a Nissan Maxima.

Based on all the evidence presented at the hearing, as well as the record of the original trial proceedings, the trial court found beyond a reasonable doubt that Hernandez killed both Tejeda and Cisneros. It thus denied his petition for resentencing. (See *People v. Jasso* (2025) 17 Cal.5th 646, 690 [the actual killer in a murder is ineligible for resentencing under section 1172.6]; *People v. Strong* (2022) 13 Cal.5th 698, 710 [same].)

3

## DISCUSSION

As mentioned at the outset, Hernandez's appointed attorney was unable to find any arguable issues to raise on Hernandez's behalf. We informed Hernandez of his right to file a supplemental brief, but he did not do so. In the interest of justice, we have examined the entire record for any arguable issues. (See *People v. Delgadillo, supra*, 14 Cal.5th at p. 230.) However, our review has only confirmed appointed counsel's conclusion that there is no arguable basis to disturb the trial court's denial order. Accordingly, we affirm the order.

## DISPOSITION

The trial court's postjudgment order denying Hernandez's petition for resentencing is affirmed.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SERVINO, J.